UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KYLE COUNTS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARKK FOOD COMPANY, a Michigan corporation, and WAHLBURGERS I, LLC, a Massachusetts limited liability company, <br><br> Defendants. | Case No. 1:23-cv-00236 <br><br> Hon. Lindsay C. Jenkins <br> Magistrate Judge Beth W. Jantz |

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT
AND STRIKE CLASS ALLEGATIONS**

Defendants Arkk Food Company ("Arkk") and Wahlburgers I, LLC ("Wahlburgers"), by and through their attorneys, McDonald Hopkins LLC, move this Court pursuant to Rules 12(b)(1), 12(b)(6), and 23(c)(1)(A) of the Federal Rules of Civil Procedure to dismiss Plaintiff Kyle Counts' putative Class Action Complaint in its entirety. In support, Defendants state as follows:

**INTRODUCTION**

Plaintiff brings this putative class action claiming that Defendants violated state consumer fraud acts, including the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and were unjustly enriched when they sold pickles that allegedly contained a preservative, sodium benzoate, while advertising those pickles as preservative-free. Each of his claims fail.

*First*, Plaintiff fails to state any claim, because his complaint does not (and cannot) satisfy Rule 9(b)'s heightened pleading requirements applicable to the ICFA and other consumer fraud acts. As a threshold matter, Plaintiff does not allege that any of the pickles *he* purchased contained sodium benzoate, pointing only to unrelated test results filed by another party in a separate lawsuit. Further, he makes ***all*** of his material allegations about Defendants' conduct and knowledge on

31268511.2

information and belief, which is insufficient under well-established precedent, and in all events he fails to sufficiently allege either the commission of a deceptive act or intent elements of that claim. His catch-all, omnibus multi-state consumer fraud act claim fares no better, as he does not identify any provision of any act that Defendants specifically violated. Plaintiff's unjust enrichment claim also fails because he does not allege that he conferred any benefit on *Defendants* rather than the grocery stores he paid when purchasing his Pickles.

*Second*, Plaintiff lacks Article III standing to sue under any state consumer fraud act other than Illinois, the state where he resides and where he allegedly purchased the Pickles. Article III requires that a claimant have a cognizable injury-in-fact to pursue a claim in federal court, and Plaintiff has not suffered any injury in any other jurisdiction that could give rise to a claim under any of the nine other consumer fraud statutes he identifies in his complaint.

And *third*, in all events, this Court should strike Plaintiff's nationwide and multi-state class allegations. Numerous courts in this circuit have concluded that class treatment of multi-state consumer fraud act and unjust enrichment claims are inappropriate because of the potential for conflict among state statutory and common law.

## BACKGROUND[1]

Arkk is a vendor and distributor of national food brands. (Compl. at ¶ 16.) One of the brands it represents is Wahlburgers, and Arkk distributes Wahlburgers' pickles to stores around the country. (*Id*. at ¶¶ 16; 18.) Plaintiff is a Park Forest, Illinois resident. (*Id.* at ¶ 13.) He claims that he purchased Wahlburgers pickles on multiple occasions from grocery stores, including from a Jewel Osco in Illinois. (*Id.*) Specifically, Plaintiff alleges that he purchased Wahlburgers Fresh Dill

---

[1] Defendants accept the allegations in the Complaint as true solely for the purposes of this motion.

Spears and Wahlburgers Fresh Dill Chips, (*id.* at ¶ 13), but does not allege that he ever purchased Wahlburgers Fresh Dill Chips Hot (collectively, the "Pickles").

Plaintiff alleges that the Pickles are labelled "fresh," "all natural," and containing "no preservatives." (*Id.* at ¶ 1; 3.) Plaintiff claims that these representations are false because the Pickles contain sodium benzoate, which he alleges is an artificial preservative. (*Id.* at ¶¶ 2-3; 33.) He bases his allegation that the Pickles contain sodium benzoate off a chemical test performed by a third-party, Biogen Laboratory Developments, LLC ("BioGen"), performed on behalf of a law firm representing Plaintiff Grillo's Pickles, Inc. in the matter *Grillo's Pickles, Inc. v. Patriot Pickle Inc., et al.*, Case No. 2:23-cv-00011-MCA-AME (D. N.J.).[2] A complete copy of the BioGen Declaration to which the test results were originally appended is attached hereto as **Exhibit 1**.[3]

Plaintiff says that he would not have purchased the Pickles or paid as much for them if he was told they contained sodium benzoate. (*Id.* at ¶¶ 55.) Plaintiff claims that Arkk "has control over the Wahlburgers Pickles' recipes and labeling" and that Wahlburgers, "by its contractual relationship with [Arkk] . . . has control over" the Pickles recipes and labeling. (*Id.* at ¶¶ 16-17.) He also claims that Defendants "knowingly omit" (*id.* at ¶¶ 48; 52) or, alternatively, "knew or should have known" that the Pickles contain sodium benzoate, (*id.* at ¶ 6), but provide no factual bases for those conclusions. Indeed, Plaintiff makes *all* of the allegations in his Complaint "upon information and belief" except for those allegations about his specific conduct. (*Id.* at p. 1).

---

[2] "In considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider any facts set forth in the complaint that undermine the plaintiff's claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). "The freedom includes exhibits attached to the complaint, Fed.R.Civ.P. 10(c), or documents referenced in the pleading if they are central to the claim." *Id.*

[3] Courts may take judicial notice of matters of public record, including case filings. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *see also Edwards v. Johnson*, 198 F. Supp. 3d 874, 878 (N.D. Ill. 2016) (reviewing a complete exhibit submitted by defendant where a plaintiff omitted pages when he attached it to his complaint).

31268511.2

Based on these claims, Plaintiff seeks to represent a nationwide class defined as "[a]ll persons who purchased Wahlburgers Pickles in the United States for personal or household use within any applicable limitations period." (*Id.* at ¶ 67.) He further seeks to represent two subclasses: (1) a subclass of all individuals who purchased the Pickles in Illinois (*id.* at ¶ 68) (the "Illinois Subclass") and (2) a subclass consisting of all individuals who purchased the Pickles in California, Florida, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington, in addition to Illinois (the "Multi-State Subclass"). (*Id.* at ¶ 69). Plaintiff brings a three-count complaint for: (I) violations of these states' consumer fraud acts on behalf of the Multi-State Subclass; (II) violation of the ICFA, 815 ILCS 505/1, *et seq.* on behalf of the Illinois Subclass; and (III) unjust enrichment on behalf of the nationwide class, the Illinois Subclass, and/or the Multi-State Subclass. (*Id.* at Counts I-III.)

## ARGUMENT

**I.     PLAINTIFF FAILS TO STATE ANY CLAIM**

    **A.     Plaintiff's Complaint Violates Rule 9(b)'s Pleading Requirements**

Plaintiff fails to state any claim because he has not complied with Rule 9(b)'s pleading requirements and therefore has not sufficiently alleged the elements of an ICFA claim. "The elements of a claim for violation of the [ICFA] are these: (1) the defendant committed a deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception; (3) the deception happened in the course of trade or commerce; and (4) the deception proximately caused the plaintiff's injury." *Mighty v. Safeguard Properties Mgmt., LLC*, No. 16 C 10815, 2018 WL 5619451, at *9 (N.D. Ill. Oct. 30, 2018) (citations omitted).

"Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies when a federal plaintiff alleges fraud under the ICFA." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441 (7th Cir.2011). Rule 9(b) requires a party who alleges

fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b), Plaintiffs must detail "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2012) (citations omitted). Further, "a plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief." *Pierelli*, 631 F.3d at 442.

As a threshold matter, Plaintiff fails to sufficiently allege that the Pickles *he* purchased contained any sodium benzoate. To distract from this fatal deficiency, he points to trace sodium benzoate BioGen supposedly identified in four samples in the separate *Grillo's* litigation.[4] From those tests, Plaintiff leaps to the conclusion that *all* the Pickles contain sodium benzoate. But Plaintiff does not allege that *he himself* ever tested or had tested any of the Pickles he purchased (unlike the Plaintiff in the *Grillo's* litigation). Simply put, Plaintiff cannot rely on tests performed by a third party, using Pickles purchased in some other location, to establish a claim that the Pickles *he* purchased contained preservatives. His conclusory allegation that the Pickles he purchased contained sodium benzoate is therefore insufficient to state a claim under ordinary federal pleading standards, much less Rule 9(b)'s heightened requirements. Because Plaintiff has not and cannot sufficiently allege that the Pickles he purchased contained sodium benzoate, each of his claims fail.[5]

---

[4] Notably, the issues that caused certain Pickles to contain trace amounts of sodium benzoate are now resolved. In the *Grillo's* litigation, Patriot Pickle Inc. ("Patriot"), the Pickles' manufacturer, provided sworn testimony about the cause of the problem: some Pickles that were not packaged same-day were inadvertently stored in a transportation brine containing minor amounts of sodium benzoate. (Declaration of Bill McEntee, attached as **Exhibit 2**, at ¶¶ 10; 12.) Patriot further testified that it corrected this process error and subsequently performed laboratory testing on the Pickles, which contained no detectable sodium benzoate. (*Id.* at Ex. E.)

[5] For the same reasons, Plaintiff's claims each fail for lack of standing under Rule 12(b)(1). Because he cannot allege that he purchased Pickles containing sodium benzoate, he cannot allege any cognizable injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016) (holding that "the injury-in-fact requirement requires a plaintiff to allege an injury

31268511.2

Even if Plaintiff's speculation that the Pickles he purchased contained sodium benzoate were enough, Plaintiff fails to allege the commission of a deceptive act or intent elements of an ICFA claim against either Arkk or Wahlburgers with adequate particularity under Rule 9(b).

First, Plaintiff does not sufficiently allege that either Defendants were responsible for manufacturing or labelling of the Pickles. As an initial matter, Plaintiff makes **all** of his material allegations about Defendants' conduct and knowledge on information and belief. (Compl. at p. 1.) He has not alleged circumstances indicating that Defendants actually committed any deceptive act. He conclusorily states that Arkk "has control over the Wahlburgers Pickles' recipes and labeling" and that Wahlburgers, "by its contractual relationship with [Arkk] . . . has control over" the Pickles recipes and labeling. (*Id.* at ¶¶ 16-17.) That is the sum total of his allegations that Defendants actually committed any deceptive act. And while he levies these conclusions, he does not allege facts establishing that either Arkk or Wahlburgers controlled or even participated in the manufacturing process that allegedly added sodium benzoate to the Pickles or made decisions about what to put on the allegedly offending labels. And he does not even allege that *Wahlburgers* did anything whatsoever—he merely states that it has a contractual relationship with Arkk. These cursory claims are insufficient under Rule 9(b).

Second, Plaintiff does not sufficiently allege that either Arkk or Wahlburgers *intended* consumers to rely on the allegedly deceptive practice. His conclusory statements that Defendants "knowingly omit" (*id.* at ¶¶ 48; 52) or, alternatively, "knew or should have known" that the Pickles contain sodium benzoate (*id.* at ¶ 6) are insufficient under Rule 9(b)'s particularity requirements. He fails to sufficiently allege the addition of sodium benzoate was an deceptive act rather than a

---

that is both concrete and particularized). And "[a] concrete" injury must be '*de facto*'; that is, it must actually exist." *Id.* at 340.

6

mere manufacturing accident, and he once again fails to distinguish between Arkk's and Wahlburgers intent. These mere conclusions do not satisfy Rule 9(b), and his ICFA claim fails.

### B. Plaintiff Has Not Identified How Defendants Violated Various State Consumer Fraud Acts

As discussed *infra* at Section II, Plaintiff lacks standing to sue on behalf of the Multi-State Subclass. But even if he had standing, he has not in any manner alleged how Defendants violated any of the various consumer fraud acts, much less alleged a violation with particularity. He lists these acts in a footnote (at p. 18, n. 17), but never discusses what provisions Defendants supposedly violated, what conduct violated those unnamed provisions, or whether it was Arkk, Wahlburgers, or both who violated them. Instead, he lumps all these statutes in a single, omnibus multi-state count and cursorily alleges that Defendants violated *all* of them in unspecified ways. (Compl. at ¶ 80). But this catch-all pleading is manifestly insufficient to give Defendants fair notice of the claims against them, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and it certainly does not satisfy Rule 9(b)'s heightened pleading requirement discussed *supra* at Section I(A). Plaintiff's bulk pleading of Count I is improper and should be stricken.

### C. Plaintiff Does Not Allege a Benefit That *Defendants* Incurred To State a Claim For Unjust Enrichment

"The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Sherman v. Ryan*, 392 Ill. App. 3d 712, 734, 911 N.E.2d 378, 399 (1st. Dist. 2009). "To prevail on a claim for unjust enrichment, a plaintiff must prove that the *defendant* retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience." *Nat'l Union Fire Ins. Co. of Pittsburgh v. DiMucci*, 2015 IL App (1st) 122725, ¶ 67, 34 N.E.3d 1023, 1043 (citations omitted) (emphasis added).

7

Plaintiff's unjust enrichment claim fails because he does not (and cannot) allege that *Defendants* retained a benefit to *Plaintiff's* detriment. His unjust enrichment claim is based on the premise that he "conferred significant financial benefits and paid substantial compensation to *Defendants* for the Pickles" and that Defendants "knowingly received" those benefits. (Compl. at ¶¶ 112-14.) But his premise is mistaken. As Plaintiff himself alleges, he purchased the Pickles from grocery stores, including Jewel Osco, *not* Defendants. (*Id.* at ¶ 13.) Any alleged benefit he conferred (*i.e.*, his payment) was given to those grocery stores directly, not Arkk or Wahlburgers. And even if he could allege a benefit he conferred on Defendants directly, he already has a theoretical adequate remedy at law—namely, his ICFA claim. Plaintiff therefore cannot satisfy the elements of an unjust enrichment claim against Defendants.

## II.   PLAINTIFF LACKS STANDING TO SUE UNDER STATE CONSUMER FRAUD ACTS OTHER THAN ILLINOIS

"Standing is an essential component of Article III's case-or-controversy requirement." *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 731 (N.D. Ill. 2015). "To establish Article III standing, a plaintiff must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* "Plaintiff bears the burden to establish standing." *Id.* In *Baldwin*, the court held that a plaintiff lacked standing to pursue an omnibus, multi-state consumer fraud claim like the one Plaintiff brings here where he had "not suffered an injury in any state other than Illinois." *Id.* at 736.

Some courts have misinterpreted precedent and therefore deferred the question of whether a plaintiff had standing to pursue multi-state consumer fraud claims until class certification. *Id.* at 735. But the more proper interpretation—and the one consistent with Article III's requirements—requires courts to evaluate standing at the outset of a case. In *Baldwin* court discussed this

8

31268511.2

misconception and correctly concluded that Article III's requirements must be satisfied at the pleading stage. *Id.* at 735; *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CV 3690, 2013 WL 4506000, at *6 (N.D. Ill. Aug. 23, 2013) (reviewing standing at the pleading stage to "recognize and refuse to abandon the fundamental prudential standing requirements of Article III"). Indeed, the Seventh Circuit has generally held that it must evaluate the question of standing before proceeding to certification questions. *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

Here, Plaintiff is an Illinois citizen who alleges that he purchased Pickles in Illinois. (Compl. at ¶ 16.) Despite these allegations, Plaintiff purports to bring a class action claim on behalf of individuals in California, Florida, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington—*nine* states that bear no connection to him or his alleged injury. Plaintiff cannot allege an injury under any of the Multi-State consumer fraud acts to satisfy Article III's requirements. For these reasons, he lacks standing to sue under any of them.

**III.     THIS COURT SHOULD STRIKE PLAINTIFF'S NATIONWIDE AND MULTI-STATE CLASS ALLEGATIONS**

Under Rule 23(c)(1)(A), "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. of Civ. Pro. 23. The Seventh Circuit has held that "[n]o class action is proper unless all litigants are governed by the same legal rules. Otherwise the class cannot satisfy the commonality and superiority requirements of [Rule 23]." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002).

"[A] ruling on class certification is appropriate at the pleading stage where, as here, the pleadings make clear that the suit cannot satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 830 (N.D. Ill. 2013); *Wright v. Fam. Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838,

9

at *1 (N.D. Ill. Nov. 30, 2010) (same). Motions to strike class allegations are appropriate "when the unsuitability of class treatment is evident on the face of the complaint." *Hill*, 946 F. Supp. 2d at 830. "[W]hen the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained." *Wright*, 2010 WL 4962838 at *1. "[C]ourts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained." *Id.*

Plaintiff's class allegations are legally insufficient because nationwide class treatment of both (A) multi-state consumer fraud act and (B) unjust enrichment claims is legally inappropriate. We discuss each in turn.

### A. Nationwide or Multi-State Class Treatment of Consumer Fraud Act Claims Is Inappropriate

"Numerous courts, including the Seventh Circuit, have dealt with this question [of whether to certify a multi-state consumer fraud class]. Overwhelmingly, those courts have found material conflicts among the fifty states' laws on the claims plaintiffs bring in this case and have denied class certification, at least in part, on that basis." *In re McDonald's French Fries Litig.*, 257 F.R.D. 669, 673–74 (N.D. Ill. 2009) (denying certification). The *McDonald's* court concluded that these differences meant "individual issues of law clearly predominate over common issues, making a nationwide class unmanageable." That is because "[s]tate consumer-protection laws vary considerably." *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 584–85 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010). "For example, state consumer fraud laws differ with regard to several key issues— the type of prohibited conduct, proof of injury-in-fact, available remedies, scienter, statute of limitations, and reliance." *Id.* at 585.

In this case, Plaintiff seeks to represent a nationwide class pursuing claims under at least *nine* states' consumer protection statutes. (Compl. at p. 18, n. 17.) Given that legal standards applicable to consumer protection statutes vary state-to-state, certification of a nationwide class under them is facially improper based on Plaintiff's pleadings.

### B. Plaintiff Cannot Bring an Unjust Enrichment Claim on Behalf of a Nationwide or Multi-State Class

Similarly, unjust enrichment claims are unsuitable for class actions because they "pose insurmountable choice-of-law problems." *In re Aqua Dots Prods. Liab. Litig.,* 270 F.R.D. 377, 386 (N.D.Ill. 2010); *Vulcan Golf, LLC v. Google Inc.,* 254 F.R.D. 521, 533 (N.D. Ill. 2008) (same, collecting cases). Indeed, "[a]s other members of this court have pointed out, the law of unjust enrichment varies too much from state to state to be amenable to national or even to multistate class treatment." *Aqua Dots*, 270 F.R.D. at 386. Here, too, Plaintiff seeks to represent a nationwide class of individuals pursuing unjust enrichment claims, (Compl. at Count III), and here, too, his class allegations are legally improper.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order dismissing the Complaint with prejudice and awarding Defendants such other and further relief that this Court deems proper.

Dated: March 28, 2023

s/ Jacob D. Radecki

Jacob D. Radecki (ARDC No. 6321345)
Michael G. Latiff
(*pro hac vice* application forthcoming)
McDonald Hopkins LLC
300 N. LaSalle St. Ste. 1400
Chicago, IL 60654
jradecki@mcdonaldhopkins.com
mlatiff@mcdonaldhopkins.com

11

      *Attorneys for Defendants Arkk Food Company and Wahlburgers I, LLC*

31268511.2

## STATEMENT REGARDING
## CONFERENCE AND AGREED BRIEFING SCHEDULE

Pursuant to this Court's Standing Order on Motions and Memoranda of Law, the parties conferred regarding the bases set forth in Defendants' motion to dismiss but were unable to reach a resolution. Further, the parties agreed to the following proposed briefing schedule: Plaintiff shall file his response to the motion by April 25, 2023, and Defendants shall file their reply in further support of the motion by May 16, 2023.

Dated: March 28, 2023                  s/ Jacob D. Radecki

                                              Jacob D. Radecki (ARDC No. 6321345)
                                              Michael G. Latiff
                                              (*pro hac vice* application forthcoming)
                                              McDonald Hopkins LLC
                                              300 N. LaSalle St. Ste. 1400
                                              Chicago, IL 60654
                                              jradecki@mcdonaldhopkins.com
                                              mlatiff@mcdonaldhopkins.com

                                              *Attorneys for Defendants Arkk Food Company and Wahlburgers I, LLC*

31268511.2

## CERTIFICATE OF SERVICE

I, Jacob D. Radecki, an attorney, hereby certify that on March 28, 2023, I electronically filed **Defendants' Motion to Dismiss Class Action Complaint and Strike Class Allegations** with the Clerk of the Court using the Electronic Case Filing System and thereby served the document on all counsel of record.

                                                           s/ Jacob D. Radecki